## COLVIN *v.* THE STATE.

Where an indictment, under § 30, 2 R. S. p. 412, for uttering a false and forged deed, contained but a single count, charging the uttering to *A.,* and specially averring an intent to defraud him, and it appeared by the evidence that the uttering consisted in placing the deed on deposit with *A.,* as an equitable mortgage, to secure a debt for board already due, and not to secure the price of future boarding, and without the intent, on the part of the defendant, to board longer with *A.,* as the latter well knew:—*Held,* that the case was not made out.

*Aliter,* perhaps, if the indictment had charged an intent generally to defraud.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—Indictment for forgery. The offense charged consisted in the uttering, as true, a false and forged deed to a piece of land.

The facts may be shortly stated. *John Randolph Brewster* and *Archibald R. Colvin* were boarding, with their wives, at the house of *Jacob Lesman, Fort Wayne, Indiana.* They were destitute of money to pay their board, and their credit was about expiring. For the purpose of "making a raise," says the witness, they agreed to execute deeds for an exchange of land. They obtained a map, selected certain sections of land in *Iowa* and *Texas,* and agreed that *Colvin* should make a deed to *Brewster* for those in *Texas,* and *Brewster* to *Colvin* for those in *Iowa.* They accordingly went before a public officer, and got him to draw up and take the acknowledgment of the deeds, talking at the time of the execution about the amount to be paid in cash by one to the other as the difference in the value of the lands, &c. *Brewster* executed his deed to *Colvin* in the name of *James Brewster,* a name he had assumed, for a short time, at *Fort Wayne;* but *Colvin* knew that his true name was *John Randolph Brewster.*

This deed, so executed to him by *Brewster, Colvin* took to *Lesman,* uttered it as a genuine deed, and placed it with him on deposit as an equitable mortgage of the land, in security for his board-bill.

The question is whether the act constituted the crime of forgery, under the following statute:

"Every person who shall falsely make, or assist to make, deface, destroy, alter, forge, or counterfeit," &c., "any record, deed, will, codicil, bond," &c.; "or any person who shall utter, or publish as true, any such instrument, knowing the same," &c., "with intent to defraud," &c., "shall be deemed guilty of forgery." 2 R. S. p. 412, § 30.

The deed was deposited for boarding already had, not to secure the price of future boarding; nor did the depositor board, or, at the time of the deposit, intend to board longer with *Lesman,* as the latter well knew.

The indictment contains but a single count, charges the uttering of the deed to *Lesman,* and specially avers the intent, in so doing, to have been to defraud him.

We think the case is not made out. No fraud appears to have been perpetrated upon *Lesman.* The debt already

existing was not canceled, but remained due, and the right to enforce payment of it left unimpaired. No new credit from *Lesman* was obtained upon the deed. He was in no worse situation after taking the deed than before.

Had *Colvin* been indicted for the forgery, with intent generally to defraud, such an indictment might, probably, have been sustained against him. See *Wilkinson* v. *The State*, 10 Ind. R. 372.

*Per Curiam.*—The judgment is reversed, and the clerk ordered to notify the keeper of the penitentiary to return the prisoner to the *Allen* county jail.

*S. M. Ninde* and *H. W. Puckett*, for the appellant (1).

(1) Touching assumed names in cases of forgery, counsel for the appellant cited *Peacock's Case*, Russ. & Ry. 278 (1 Brit. Crown Cases); *Bontien's Case*, *id.* 260 (*ibid*); 3 M. & S. 537; *The People* v. *Peacock*, 6 Cow. 72; *Mead* v. *Young*, 4 T. R. 28; 2 Bish. Cr. Law, § 580, and cases cited in note 5; *The People* v. *Fitch*, 1 Wend. 198; *Rex* v. *Watts*, 3 Brod. & B. 197.